## Cornelius v. Southern Mining Co.

Nov. 9, 1943.

Floyd Taylor and D. M. Bingham for appellant.
Logan E. Patterson and H. C. Gillis for appellee.

Opinion of the Court by Judge Cammack—Affirming.

This is the second appeal of this case. Southern Mining Co. v. Cornelius, 284 Ky. 515, 145 S. W. (2d) 93. On the first appeal a judgment in favor of Cornelius was reversed, because the evidence was not sufficient to take the case to the jury on the question of whether he had sustained an injury as a result of an explosion at the entrance of a mine, or whether the explosion was the proximate cause of any of the difficulties of which Cornelius complained. We directed that, if the medical proof on the second trial be no more convincing than on the first, the jury should be instructed to find for the Company. On the second trial the court sustained the Company's motion for a directed verdict at the conclusion of the evidence offered by Cornelius, because it was his view that the testimony of Dr. Nolan and Dr. Coyle, who did not testify on the first trial, was not any more convincing than the evidence heard on the first trial. The trial judge's views on the question follow: "* * * The only question before the Court now, in my mind is whether or not this evidence of Dr. Nolan or Dr. Coyle is evidence sufficient to connect the explosion with the injury. The only thing that either of these two doctors testified about was that this explosion might cause a thing like that and other things could cause it. According to the vomiting, getting sick, head aching and being dizzy and walking staggering, but the question is now has Dr. Coyle or Dr. Nolan added anything to that beyond what the other three doctors said, that the explosion was the cause of it. In reading the deposition of Dr. Coyle you may recall that he saw the plaintiff that same day of it, of the explosion, but the plaintiff says it was the day after the explosion that Dr. Coyle saw him. He says it was the next day he went to the office of Dr. Hendren, Dr. Coyle was there. The only thing that either of these doctors, Coyle or Nolan, could know about it was what the plaintiff told them—they were not there. Dr. Coyle, I didn't understand his evidence to say this explosion caused his injury; said it could, like Dr. Nolan said, and Dr. Kincaid, and Dr. Brown and Dr. Terrell, that explosion can cause an infection of the eardrum so it will cause deafness and nervousness. * * *"

The appellant insists that the testimony given by Drs. Nolan and Coyle was more convincing than that given by the doctors on the first trial, and the court erred

in sustaining objections to certain questions asked the doctors.

We will discuss these points in reverse order. One of the questions put to Dr. Nolan follows: "Assuming that the eardrum was not red before this mine explosion, but was considerably and definitely red immediately after the explosion, would that, or not, indicate that the redness was caused by the explosion?" The appellant sought to show by Dr. Nolan that there was no difference between a man who has been shell-shocked and a man who has been the victim of an explosion, except in the degree of the injury. The trial court excluded this evidence. It is insisted that Dr. Coyle should have been permitted to answer this question: "Considering your examination of him at Balkan, and your examination of him today, state, in your opinion as a medical man, whether his condition then and now is the proximate cause of his injury."

Dr. Nolan did not see Cornelius until more than four and one-half years after his alleged injury. His conclusion, from his examination and the statements made to him, was that Cornelius had some form of neurosis, or impairment of mentality. The question toward which complaint is directed was properly excluded, because there was no evidence that the eardrum was not red immediately before the explosion, or that it was red sooner than 24 hours thereafter, when Dr. Coyle first saw Cornelius. The questions relating to the comparison between one who has been shell-shocked and one who has been the victim of an explosion were irrelevant, and even though they be considered as competent, their exclusion would not have been prejudicially erroneous.

When Dr. Coyle saw Cornelius the day after the explosion he said his eardrum was somewhat reddened and his blood pressure was low. When this doctor examined the appellant on the day of the second trial he said he found no objective evidence of disability, his eardrum and blood pressure being normal. Obviously, the question put to Dr. Coyle, to which complaint is directed, was not properly framed, and the court properly sustained objection thereto.

We think the foregoing quotation from the statement made by the trial judge wherein he set forth his reasons for sustaining the motion for a directed verdict fairly well sums up the situation. The testimony of Dr.

Coyle and Dr. Nolan constitutes no more than a scintilla of evidence showing that the explosion was the proximate cause of the appellant's alleged injuries. Certainly their evidence was no more convincing than that heard on the first trial.

It follows, therefore, that the judgment should be and it is affirmed.